UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00113-TBR

UNITED STATES OF AMERICA,                                          Plaintiff,

v.

JAMAULE HOLLIS, *et al.*,                                          Defendants.

**MEMORANDUM OPINION AND ORDER**

John G. Tomes, Jr., a defendant in the above-captioned action, has filed three discovery-related motions. The Court will address the merits of each in turn. For the reasons discussed more fully below, John G. Tomes, Jr.'s Motion for Discovery, [R. 28], and Motion for Production, [R. 29], are **DENIED AS MOOT**. John G. Tomes, Jr.'s Motion for Notice, [R. 30], is **DENIED**.

To start, Tomes moves the Court to require the Government to comply with its discovery obligations under Federal Rule of Criminal Procedure 16. [*See* R. 28 at 1–2 (Motion for Discovery).] However, the Government has been ordered to do just that, [R. 38 at 1, ¶ 2 (Scheduling Order)], and the Court has no reason to suspect noncompliance. Consequently, Tomes' motion is moot. *See United States v. Jackson*, No. 5:14-CR-00012-TBR, 2015 WL 3970701, at *2 (W.D. Ky. June 30, 2015).

Next, Tomes asks the Court to direct the Government to disclose any "exculpatory materials pursuant to the mandate of *Brady*," and identifies various categories of information he alleges to be discoverable. [R. 29 at 1–2, ¶¶ 1–5 (Motion for Production.] The Government acknowledges its obligation to provide Tomes with exculpatory and impeaching evidence, as is required under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Presser*,

844 F.2d 1275 (6th Cir. 1988), in a timely fashion to allow for its effective use at trial. [R. 34 at 1 (Response to Motion for Production).] The Court entered an order to the same effect on November 29, 2016. [R. 38 at 1, ¶ 4.] Therefore, Tomes' request is moot. *See Jackson*, 2015 WL 3970701, at *2.

Last but not least, Tomes also seeks an order compelling the Government to give notice, pursuant to Federal Rule of Evidence 404(b), of its intention to use evidence of his other crimes, wrongs, or bad acts at least thirty days prior to trial. [R. 30 at 1–2 (Motion for Notice).] Specifically, Tomes asks the Government to identify (1) the "dates, times, places, and persons involved in said other crimes, wrongs or acts"; (2) the "statements of each participant," if any; (3) the "documents which contain or evidence" those other "crimes, wrongs, or acts," including information related to the preparation of such documents; and (4) the issue on which the Government "believes such other crimes, wrongs or acts evidence is relevant." [*Id.*] The Government does not contest its general obligation to provide appropriate notice, but it does take issue with the timing of disclosure, as well as the specificity Tomes requests. [R. 33 at 1 (Response to Motion for Notice).]

Rule 404(b) requires that, upon the defendant's request, the prosecution "provide reasonable notice of the general nature" of evidence of crimes, wrongs, or other acts it "intends to offer at trial." Fed. R. Evid. 404(b)(2)(A); *see also United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007); *United States v. Barnes*, 49 F.3d 1144, 1147–49 (6th Cir. 1995). The notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility" of Rule 404(b) evidence. Fed. R. Evid. 404 advisory committee's note to 1991 amendment. "[N]o specific form of notice is

required," only generalized notice designed to "apprise the defense of the general nature of the extrinsic acts." *Id.*; *see also Gonzalez*, 501 F.3d at 637 (discussing that government must merely provide "such notice in a reasonable form and manner").

Twenty-one days will afford Tomes adequate opportunity either to challenge the admissibility of such evidence before trial or to prepare for its eventual use at trial. [*See* R. 38 at 1, ¶ 7.] The specificity of the notice that Tomes requests, however, is too broad. For example, the notice mandate is not meant to "require the prosecution to disclose directly or indirectly the names and addresses of its witnesses." Fed. R. Evid. 404 advisory committee's note to 1991 amendment; *cf. United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) ("Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." (citing Fed. R. Crim. P. 16)). Therefore, the Government need not provide the detailed notice Tomes asks for, only "reasonable notice of the general nature" Rule 404(b) requires, Fed. R. Evid. 404(b)(2)(A), no later than twenty-one days prior to trial. Accordingly, Tomes' motion is denied.

**IT IS HEREBY ORDERED** that Defendant John G. Tomes, Jr.'s Motion for Discovery, [R. 28], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant John G. Tomes, Jr.'s Motion for Production, [R. 29], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant John G. Tomes, Jr.'s Motion for Notice, [R. 30], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record